IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 2, 2003 Session

## LINDSAY E. ALFORD, ET AL. v. THE OAK RIDGE CITY SCHOOLS

Appeal from the Circuit Court for Anderson County
No. AOLA-0554     James B. Scott, Jr., Judge

#### FILED AUGUST 28, 2003

#### No. E2002-03133-COA-R3-CV

---

Lindsay E. Alford ("the plaintiff") and her father, David R. Alford, IV[1], sued The Oak Ridge City Schools ("the high school") under the Governmental Tort Liability Act ("GTLA") for injuries sustained by the plaintiff when she slipped on a hallway floor at Oak Ridge High School, where she was a student. At the conclusion of the plaintiff's proof, the trial court granted the high school's[2] motion for an involuntary dismissal, finding that, while the plaintiff had proven the existence of water on the floor, she had failed to prove that the high school knew or should have known about the water. From this ruling, the plaintiff appeals. We affirm.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Jerry Shattuck, Clinton, Tennessee, for the appellants, Lindsay E. Alford and David R. Alford, IV.

John C. Duffy, Knoxville, Tennessee, and James M. Webster, Oak Ridge, Tennessee, for the appellee, The Oak Ridge City Schools.

#### OPINION

---

[1]David R. Alford, IV, filed this lawsuit on behalf of his daughter, who was then still a minor. However, for ease of reference, we will refer to Lindsay E. Alford as "the plaintiff."

[2]The Oak Ridge City Schools operates Oak Ridge High School. For this reason, we will treat the defendant as if it were Oak Ridge High School.

I.

On December 23, 1999, the plaintiff, who was then a senior at the high school, underwent knee surgery. Following the surgery, she needed crutches to ambulate. The plaintiff returned to school on January 3, 2000, which was the first day of school following the holiday break.

When the plaintiff arrived at the high school, she went to the office to obtain a key to the elevators that were accessible only to handicapped students. Because the high school is constructed on multiple levels, the plaintiff would require the use of the elevators to get to her third class in order to avoid a long stairway. After attending her first two morning classes, the plaintiff used one elevator, crutched down a hallway, and took the second elevator. The elevator doors opened onto a hallway that, like the elevators, was reserved only for handicapped students. At the end of the hallway was a door that opened onto a main hallway.

After exiting the elevator, the plaintiff testified that she "crutched two or three times" and then her "left crutch slipped out from under [her]." The plaintiff fell, causing her surgical incision to open. When the plaintiff got up, she stated that she noticed blood on the floor from her knee and also noticed that she had fallen in water. The plaintiff was able to crutch to the end of the hallway, open the door, and call for help. As a result of her fall and the reopening of her incision, the plaintiff had to undergo two more surgeries on her knee.

The plaintiff and her father filed suit against the high school, claiming that the high school "was negligent in the operation and maintenance" of the school and that the high school either knew or should have known of the dangerous condition, *i.e.*, the existence of water in the hallway. The high school answered the complaint, denying any knowledge of the water in the hallway and contending that it was immune from suit pursuant to the GTLA, Tenn. Code Ann. § 29-20-101, *et seq.* (2000 & Supp. 2002).

A bench trial was held on November 13, 2002. The plaintiff testified that the water which she claimed caused her fall was not a puddle, but rather a film of water across the floor tiles. She stated that she did not see the water before she fell and that she did not know how long the water had been on the floor. The plaintiff also testified that she was unaware of anyone else falling in the subject area.

Several employees of the high school testified at the behest of the plaintiff, including the head custodian, the assistant principal, and the vice-principal of student affairs. The head custodian, who has been employed at the high school for twenty-five years and has served in his present capacity for seventeen years, stated that he and his staff clean up any water or moisture as soon as they see it. He testified that he had not been in the hallway at issue on the morning of January 3, 2000. He further testified that the high school had not had any problems with water or moisture in the hallway during his tenure, and he was not aware of any other students or staff members falling in the hallway. Both the assistant principal and the vice-principal for student affairs testified that they had not been in the hallway on the morning in question. The supervisor of operation and maintenance for The

Oak Ridge City Schools also testified, stating that he was familiar with the hallway in which the plaintiff fell, and that, after reviewing all work requests since 1999, there were no reports of water problems in that hallway.

At the conclusion of the plaintiff's proof, the high school moved for an involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02. The trial court found that the plaintiff had carried her burden of proof with respect to the existence of the water on the hallway floor. However, as to the issue of notice, the trial court found that the plaintiff did not prove by a preponderance of the evidence that the high school knew or should have known of the existence of the dangerous condition in the hallway. The trial court then ruled in favor of the high school and dismissed the plaintiff's claim.

II.

In the case of *Atkins v. Kirkpatrick*, we addressed the procedures by which a trial court is to determine whether to grant a Rule 41.02 motion for involuntary dismissal:

> If a motion to dismiss is made at the close of Plaintiffs' proof in a non-jury case, under [Tenn. R. Civ. P.] 41.02(2), the trial court must impartially weigh and evaluate the evidence just as though it were making findings of fact and conclusions of law after presentation of all the evidence. If the plaintiff's case has not been established by a preponderance of the evidence, the case should be dismissed if, on the facts found in [sic] the applicable law, plaintiff has shown no right to relief. *City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d 734 (Tenn. 1977).

*Atkins v. Kirkpatrick*, 823 S.W.2d 547, 552 (Tenn. Ct. App. 1991); *see also* *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 822 (Tenn. Ct. App.1992); *Derryberry v. Hill*, 745 S.W.2d 287, 290 (Tenn. Ct. App.1987).

Our standard of review of a trial court's decision to grant an involuntary dismissal under Rule 41.02 is in accordance with Tenn. R. App. P. 13(d). *Atkins*, 823 S.W.2d at 552; *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App.1988); *Derryberry*, 745 S.W.2d at 290. Thus, we are required to review the record *de novo* and to presume that the factual findings of the trial court are correct, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Atkins*, 823 S.W.2d at 552; *Irvin*, 767 S.W.2d at 653; *Derryberry*, 745 S.W.2d at 290.

III.

The issue in this case causes us to focus on the following provisions of the GTLA:

*Tenn. Code Ann. § 29-20-201 (2000)*

(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

\* \* \*

(c) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

*Tenn. Code Ann. § 29-20-204 (2000)*

(a) *Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, . . . owned and controlled by such governmental entity.*

(b) *Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved . . . .*

*Tenn. Code Ann. § 29-20-205 (2000)*

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except if the injury arises out of*:

\* \* \*

*(4) a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property*;

(Emphasis added).

IV.

The GTLA provides general immunity to all governmental entities, removing that immunity only in limited and specified instances. ***Kirby v. Macon County***, 892 S.W.2d 403, 406 (Tenn. 1994). The facts of the instant case implicate Tenn. Code Ann. § 29-20-204(a), which removes a governmental entity's immunity from suit "for any injury caused by the dangerous or defective condition of any public building, . . . owned and controlled by such governmental entity." The trial

court found that the plaintiff proved the existence of water on the hallway floor, *i.e.*, a dangerous condition and the high school does not challenge this finding. Therefore, the only issue that we must decide is whether the trial court was correct in determining that the plaintiff failed to prove the high school had the requisite notice of the dangerous condition.

Generally speaking, a property owner or operator is subject to liability for a dangerous or defective condition on its premises if the condition (1) was created by the owner/operator or its agent, or (2) was created by someone other than the principal or its agent, and the principal had actual or constructive notice that the condition existed prior to the accident. *Hardesty v. Serv. Merch. Co.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997); *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996).

In the instant case, there is absolutely no evidence that the high school was directly responsible for creating the water-on-the-floor condition that caused the plaintiff to fall. Furthermore, the plaintiff concedes that she cannot prove that the high school had actual notice of the dangerous condition. Therefore, we need only focus on the issue of constructive notice.

Constructive notice has been defined as "information or knowledge of a fact imputed by law to a person (although he [or she] may not actually have it), because he [or she] could have discovered the fact by proper diligence, and his [or her] situation was such as to cast upon him [or her] the duty of inquiring into it." *Kirby*, 892 S.W.2d at 409. "Constructive knowledge can be shown by proving the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition." *Martin*, 946 S.W.2d at 318.

In *Lindgren v. City of Johnson City*, 88 S.W.3d 581 (Tenn. Ct. App. 2002), this court held that the city had constructive notice of a defective sewer cover where the cover showed evidence of neglect over a long period of time. *Id.* at 584-85. In the instant case, there is absolutely no evidence as to how long the water had been on the hallway floor. The high school employees who testified at trial all stated that they had not been in the hallway on the morning the plaintiff was injured, which was the first day of classes after the holiday break. Moreover, the head custodian and the supervisor of maintenance for the school system both testified that they were unaware of any reports of or problems with water or moisture in the hallway. Accordingly, the evidence does not preponderate against the trial court's finding that the plaintiff failed to prove constructive notice. *See McCorkle v. County of Dyer*, C/A No. 02A01-9701-CV-00020, 1998 WL 155437 (Tenn. Ct. App. W.S., filed April 6, 1998) (holding that plaintiff, who was injured after tripping on torn carpet, failed to prove constructive notice, as there was insufficient evidence as to how long the tears had been in the carpet).

The plaintiff argues that the high school "should have a duty to conduct a routine inspection of hallway floors to discover a dangerous and defective condition that compounds foreseeability of personal injury to physically handicapped students required to use that hallway." An inspection, the

plaintiff argues, would have revealed this dangerous condition, and such a duty to inspect gives rise to constructive notice.

The plaintiff's reliance on such an argument is misplaced. Tenn. Code Ann. § 29-20-205(4) specifically states that governmental immunity is not removed when the claimed negligence is based upon *a failure to inspect*. Liability in the instant case cannot be predicated on a failure to inspect because, under the GTLA, a governmental entity is immune from such suits.

In the absence of proof of a dangerous condition created by the high school or proof of actual or constructive notice of a dangerous condition created by another, the high school is immune from suit and the trial court was correct in dismissing the plaintiff's suit.

V.

The judgment of the trial court is affirmed. This case is remanded for the collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellants, Lindsay E. Alford and David R. Alford, IV.

_____
CHARLES D. SUSANO, JR., JUDGE